JANET M. HEROLD, Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
California State Bar No. 256653
BENJAMIN R. BOTTS, Trial Attorney
California State Bar No. 274542
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California  94103
Telephone:  (415) 625-7767
Facsimile:  (415) 625-7772
Email:  botts.benjamin.r@dol.gov

Attorneys for Plaintiff,
United States Secretary of Labor

FILED
CLERK, U.S. DISTRICT COURT
JUL 29, 2014
CENTRAL DISTRICT OF CALIFORNIA
BY: ___PMC___ DEPUTY

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>NICKSON'S MACHINE SHOP, INC., a corporation; DENNIS W. LEAL, an individual; and the NICKSON'S MACHINE SHOP 401(K) SAVINGS PLAN, an employee pension benefit plan.<br><br>Defendants. | Case No. 2:14-cv-00235-SVW-E<br><br>**CONSENT JUDGMENT & ORDER** |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Secretary") pursuant to his authority under Sections

*Consent Judgment & Order*                                                      *Page- 1*

502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants NICKSON'S MACHINE SHOP, INC., a corporation ("Company"), DENNIS W. LEAL, an individual ("Leal"), and the NICKSON'S MACHINE SHOP 401(k) SAVINGS PLAN, an employee pension benefit plan ("Plan").[1]

A.   The Secretary, the Company, Leal, and the Plan (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Central District of California, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

B.   The parties agree to the entry of this Consent Judgment & Order.  The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.   Defendants Company and Leal are jointly and severally liable for restoring $59,316.26 in losses and lost-opportunity costs ("Amount Due") to the Plan.

2.   Defendants Company and Leal shall restore the Amount Due, as set forth in this paragraph:

   a.   Pursuant to ERISA Section 206(d)(4), 29 U.S.C. § 1056(d)(4), and within ten (10) days of the entry of this Consent Judgment & Order, Defendant Leal shall restore the Amount Due, in part, by the offsetting of his entire individual participant Plan account balance ("Offset Amount") as determined by the Independent Fiduciary appointed under the terms of this Consent Judgment & Order effecting the described offset and reallocating such balance to the other

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

*Consent Judgment & Order*                                             *Page- 2*

participants' Plan accounts in accordance with the allocation method described in Paragraph 2.e, below;

      b.    Following the offset of Defendant Leal's individual participant Plan account balance, the Independent Fiduciary appointed under the terms of this Consent Judgment & Order shall issue an IRS Form 1099-R to Defendant Leal for the Offset Amount;

      c.  Defendants Company and Leal shall restore the Amount Due remaining after the subtraction of the Offset Amount ("Remaining Balance") by making the following payments to the Plan through the Independent Fiduciary identified in Paragraph 4, *infra*:

         i.   12 payments of $500 on the first day of each month for 12 months, beginning on September 1, 2014, and ending on August 1, 2015;

        ii.  47 payments of $1,000, beginning on September 1, 2015, and ending on July 1, 2019; and

       iii.  One (1) balloon payment of the final amount due ("Final Amount") no later than August 1, 2019. The Independent Fiduciary appointed under this Consent Judgment & Order shall establish the Final Amount and shall notify Defendants Company and Leal of the Final Amount within thirty (30) days of the entry of the Consent Judgment & Order. The Final Amount shall be calculated by subtracting the Offset Amount and all payments made pursuant to Paragraphs 2.c.i-ii from the Amount Due.

      d.  The payment schedule is summarized in the following chart:

| Date Payment is Due | Payment Amount |
|---|---|
| Within ten (10) days of the entry of the Consent Judgment & Order | Balance of Leal's individual participant account balance |
| The 1st of each month beginning September 1, 2014 and ending August 1, 2015 | $500 |
| The 1st of each month beginning September 1, 2015 and ending July 1, 2019. | $1,000 |
| On or before August 1, 2019 | Final Amount |

  e. All restorations of the Amount Due, including all payments made to the Plan and the offset of Defendant Leal's Plan account balance set forth in Paragraphs 2.a and 2.c, above, shall be allocated to participants with current individual Plan accounts by the Independent Fiduciary on a pro rata basis, and to former participant Henry Lopez, who formerly had an individual Plan account, on a pro rata basis, reduced by twenty seven percent.  Defendant Leal shall receive no allocation;

  f. Should Defendants Company and Leal fail to timely comply with any requirements set forth in this Paragraph, the Remaining Balance of the Amount Due at the time of non-compliance shall become immediately due and payable;

  g. Barbara R. Leal, the spouse of Defendant Leal, has consented to the offset of Defendant Leal's Plan account described in Paragraph 2a as evidenced by the spousal consent form submitted to the Secretary contemporaneously with Dennis Leal's execution of this Consent Judgment & Order and attached to this Consent Judgment & Order as Exhibit A.

3. Defendants Company and Leal are liable for paying all reasonable fees and costs of the Independent Fiduciary within thirty days of receiving the bill for same by the Independent Fiduciary; in no event may Plan assets be used to pay the fees or costs of the Independent Fiduciary;

4. Receivership Management, Inc., 783 Old Hickory Blvd., Suite 255r, Brentwood, TN 37027 is appointed as the Independent Fiduciary to the Plan with the following duties and responsibilities:

    a. The Independent Fiduciary shall collect, marshal, pay out and administer all of the assets of the Plan and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all eligible participants and beneficiaries;

    b. The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

    c. The Independent Fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA, and shall have full authority to amend the Plan as necessary to effectuate its termination and processing of all participant distributions;

    d. Among other responsibilities and duties, the Independent Fiduciary shall accomplish the offset described in Paragraph 2.a, issue the Forms 1099-R in accordance with Paragraph 2.b, and calculate the payments due to the Plan in accordance with Paragraph 2.c.iii;

    e. The Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such assistance as required, including attorneys, accountants, actuaries, and other service providers;

    f. The Independent Fiduciary shall bill Defendants Company and Leal for its reasonable fees and costs for serving as the Independent Fiduciary as described in Paragraph 3;

    g. The Independent Fiduciary shall have full access to all data, information, and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustees or service providers;

    h. The Independent Fiduciary is authorized to give instructions respecting the disposition of the assets of the Plan; and

    j. The Independent Fiduciary shall maintain a fidelity bond pursuant to ERISA Section 412, 29 U.S.C. §1112;

    k. The Independent Fiduciary shall comply with all applicable rules and laws;

    l. Upon request, the Independent Fiduciary shall provide the Secretary with appropriate evidence of the restoration and/or other actions taken pursuant to this Consent Judgment & Order; and

    m. Upon request, the Independent Fiduciary shall provide any information regarding the Plan requested by the Secretary, including any documents or records requested, regarding the administration of the Plan.

  5. Within ten (10) days of the Court's entry of this Consent Judgment & Order, Defendants Company and Leal shall provide a copy of this Consent Judgment & Order to the Independent Fiduciary.

  6. Defendant Leal shall cooperate fully with the Independent Fiduciary in providing documents or information he may have relevant to the Plan's administration and management.

  7. Upon Defendant's restoration of the Amount Due to the Plan as outlined above, Defendants Company and Leal shall be assessed a penalty under ERISA Section 502(1), 29 U.S.C. § 1132(1), in the amount of $11,863.25

*Consent Judgment & Order*                           *Page- 6*

("Penalty Amount"), which is twenty percent (20%) of the Amount Due. Defendants Company and Leal waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within sixty (60) days following the last payment date outlined in Paragraph 2, *supra*, Defendants Company and Leal shall pay the Penalty Amount to the U.S. Department of Labor, by sending a certified or cashier's check payable to the United States Department of Labor (please write EBSA Case No. 72-031158 (48) on the check) to:

> <u>For Regular Mail</u>
> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 70942
> Charlotte, NC  28272-0942
>
> <u>For Overnight Courier (e.g., FedEx)</u>
> U.S. Department of Labor
> QLP Wholesale Lockbox NC0810
> Lockbox #70942
> 1525 West WT Harris Blvd.
> Charlotte, NC  28262

8. Wherever submission to the Secretary is required under the terms of this Consent Judgment & Order, such submission shall be made to:

> Regional Director
> Los Angeles Regional Office
> Employee Benefits Security Administration
> U.S. Department of Labor
> 1055 East Colorado Blvd., Suite 200
> Pasadena, CA  91106

9. Defendants Company and Leal are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c

10. Defendants Company and Leal are removed as the Plan Administrator and Trustee to the Plan, respectively, and Defendant Leal is permanently enjoined

and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

11. The parties shall each bear their own costs, expenses, and attorneys' fees incurred in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

12. Defendants expressly waive any and all claims of any nature which they have or may have against the Secretary, the United States Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

13. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

14. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

15. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

The Court directs the entry of this Consent Judgment & Order as a final order.

IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: July 29, 2014

United States District Judge
STEPHEN V. WILSON

Entry of this Consent Judgment is hereby consented to:

Dated: 7/22/2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

BENJAMIN R. BOTTS
Trial Attorney

Attorneys for the Plaintiff

Defendants consent to the entry of this Consent Judgment & Order.

Dated: July 22, 2014

DENNIS W. LEAL
Individually, as President of Nickson's Machine Shop, Inc., and as Trustee of the Nickson's Machine Shop 401(k) Savings Plan